# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| CHRISTOPHER V. MARTINEZ, | : | Case No. 3:26-cv-00240 |
| | : | |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| WOEBER MUSTARD | : | |
| MANUFACTURING COMPANY, | : | |
| | : | |
| Defendant. | : | |

---

## REPORT AND RECOMMENDATION
## TO DENY *IN FORMA PAUPERIS* APPLICATION

---

Plaintiff Christopher V. Martinez recently submitted a *pro se* Complaint and related documents to this Court, alleging that a former employer retaliated against him in violation of Title VII of the Civil Rights Act of 1964. (*See* Doc. No. 1-2.) The resulting case has been assigned to District Judge Michael J. Newman. Certain matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's General Order No. DAY 22-01.

Currently pending before the undersigned is Plaintiff Martinez's Application to Proceed *In Forma Pauperis* and without prepaying the fees to file the case. ("IFP Application," Doc. No. 1.) For the reasons explained below, the undersigned **RECOMMENDS** that the Court **DENY** the Application and **ORDER** Plaintiff to pay $405 to the Clerk of Court within thirty days.

"Anyone who files a lawsuit in federal court presumptively must pay a filing fee."
*Crump v. Blue*, 121 F.4th 1108, 1110 (6th Cir. 2024) (citing 28 U.S.C. § 1914(a)). The
total fee amount is $405, which consists of a $350 filing fee and a $55 administrative fee.
However, a plaintiff "who cannot pay the fee may ask to proceed 'in forma pauperis,' a
status that allows the litigant to pay the fee over time or sometimes not at all." *Id*. (citing
§ 1915(a)-(b)).

"Proceeding *in forma pauperis* is a privilege and not a right." *Ohio v. Ealy*, No.
1:09-cv-245, 2009 WL 1118704, at *1 (S.D. Ohio Apr. 24, 2009) (citing *Wilson v.
Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)). A litigant need not be absolutely destitute to
be allowed to proceed *in forma pauperis. See Adkins v. E.I. DuPont de Nemours & Co.*,
335 U.S. 331, 339 (1948). But an applicant must show that "because of his [or her]
poverty," he or she cannot pay the fee and continue to afford the necessities of life. *Id.*

Whether to grant IFP status is within the Court's discretion, and the burden of
convincing the Court is on the applicant. *Dotson v. Colvin*, No. 7:16-cv-198, 2016 U.S.
Dist. LEXIS 205449, at *2 (E.D. Ky. Nov. 7, 2016). Courts "generally consider an
applicant's employment, annual income and expenses, and any other property or assets
the individual possesses" when considering an IFP application. *Crochran Through
Shields v. Columbus City Sch.*, No. 2:15-cv-632, 2017 WL 11634750, at *1 (S.D. Ohio
Nov. 20, 2017). However:

> Courts have routinely denied *in forma pauperis* status to litigants who have
> significant income and assets such as a home and vehicles, even if it would
> require some financial sacrifice in order for the applicant to pay the filing
> fee. . . . *In forma pauperis* status is usually reserved either for indigent
> prisoners or for persons who subsist on small fixed-income payments such

2

as social security, unemployment compensation, or public assistance and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee.

*Bush v. Ohio Dep't of Rehab. & Correction*, No. 2:05-cv-667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007).

Here, Plaintiff currently has sufficient funds available to pay the filing fee. He discloses in his IFP Application that, although unemployed since last month, he has $10,000 in a savings account. (Doc. No. 1 at PageID 2-4.) *See Ballard v. Brown*, No. 3:26-cv-85, 2026 U.S. Dist. LEXIS 73671, at *2 (S.D. Ohio Apr. 3, 2026) (finding that a plaintiff had sufficient funds to pay the fees where he disclosed he had $3,000 in cash on hand or money in an account).

In addition, Plaintiff owns a vehicle, but states that it is inoperable. (*Id*. at PageID 3-4.) Plaintiff reports regular monthly expenses, but they are not extraordinary. (*Id*. at PageID 3 [listing rent, utilities, insurance, and credit card payments].) In an attached Declaration, Plaintiff asks the Court not to require him to pay the fees despite his "significant liquid asset"—the $10,000—because these savings "are the only resources available to pay my ordinary living expenses while I seek new employment." (*Id*. at PageID 4.) Plaintiff asserts that "[r]equiring [him] to pay the filing fee would reduce the limited resources available for [his] basic living expenses and [his] efforts to become reemployed." (*Id*.)

The undersigned is sympathetic to Plaintiff's position. However, Plaintiff does not satisfy the relevant standard to proceed *in forma pauperis*; he <u>can</u> afford to pay $405

while also paying for the necessities of life, at least for some months. *Boykins v. Comm'r of Soc. Sec.*, No. 2:21-cv-2403, 2021 U.S. Dist. LEXIS 90454, at *3 (S.D. Ohio May 12, 2021) (recommending denial of IFP where, from a mathematical perspective, "Plaintiff's cash on hand or in an account, plus his monthly income, is enough to pay the filing fee.") That Plaintiff would (reasonably) prefer to preserve his funds for future use does not demonstrate that his current poverty prevents him from paying the fees at this time.

As one court explained in a somewhat analogous case:

> Having examined Caputo's application, the Court concludes that his request to proceed IFP should be denied. Although Caputo indicates that he is "unemployed," he also indicates that his savings account balance is $15,000.00. (Doc. #2 at 2). Caputo also owns a home with his parents that is worth $275,000.00 with a mortgage of $165,000.00. (*Id.* at 1-2). The foregoing shows that Caputo does not lack the funds or access to funds to pay the required filing fee. Indeed, adequate financial ability has been found, and thus IFP applications denied, where the applicant's assets were far less than those shown in Caputo's application. *See, e.g., Brown v. Dinwiddie*, 280 Fed. Appx. 713, 715-16 (10th Cir. 2008) denying IFP application where plaintiff had $850 in his savings account and thus could afford the $455 filing fee for his appeal); *Powell v. Harris*, 2008 U.S. Dist. LEXIS 76176, 2008 WL 4279494, at *3 (N.D.N.Y. Sept. 15, 2008) (denying IFP application where the plaintiff earned $18,200 per year and had $1,500 in his savings account).

*Caputo v. Comm'r of Soc. Sec.*, 2019 U.S. Dist. LEXIS 191806, *2-3 (Ed. Mich. Sep. 9, 2019).

Requiring Plaintiff "to make the decision to … use existing assets to pay the fairly modest costs relieved by obtaining IFP or choose not to pursue the litigation does not deprive [him] of an opportunity to pursue his case." *Dotson v. Colvin*, No. 7:16-cv-198, 2016 U.S. Dist. LEXIS 205449, at *4 (E.D. Ky. Nov. 7, 2016). Plaintiff, like others with assets, will "have to make a financial calculation if he want[s] to pursue a lawsuit." *Id*.

4

For these reasons, the undersigned concludes that Plaintiff has not satisfied his burden to show that, because of his poverty, he is unable to pay the modest one-time cost of filing this case while still providing for the necessities of life. *See Adkins*, 335 U.S. at 339. The undersigned therefore **RECOMMENDS** to District Judge Newman that the Court **DENY** Plaintiff's IFP Application (Doc. No. 1) and **ORDER** him to pay $405 (the $350 filing fee plus a $55 administrative fee) in full within thirty days if he wants to proceed with this case.

Plaintiff may object to this recommendation as detailed in the section below. In the alternative, Plaintiff may pay $405 to the Clerk of Court.

Plaintiff is **ADVISED** that he must promptly notify the Court if his mailing address changes while this case is pending. He may wish to review the resources for *pro se* parties on the Court's website, https://www.ohsd.uscourts.gov/pro-se. He may also find and monitor the status of this case via the federal courts' PACER Case Locator service, https://pcl.uscourts.gov/pcl/index.jsf. Finally, if Plaintiff would prefer to receive documents from the Court by email rather than mail, he may complete and file with the Clerk of Court a Motion by Pro Se Litigant to Receive Service by Email Through the Electronic Case Filing System.

   **IT IS SO RECOMMENDED.**

        */s/ Caroline H. Gentry*
        Caroline H. Gentry
        United States Magistrate Judge

**DEADLINE TO FILE OBJECTIONS**

In accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may file and serve specific written objections to this Report and Recommendation ("R&R") **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If necessary, the objecting party must promptly arrange for transcribing the record, or whatever portions of it to which the parties agree or the Magistrate Judge considers sufficient. If proper objections are timely filed, then the District Judge will conduct a de novo review of the challenged portion(s) of the R&R. Failure to file timely objections may forfeit rights on appeal. *See U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).